WINDHAM.
February,
1829.

## PARDON F. KIMBALL *vs.* DAVID B. LAMSON.

The word *month*, whenever it occurs in the Statutes of this State, means a *calendar month*, unless the contrary be particularly expressed.

In an action on promissory note, on which a small payment had been endorsed, but afterwards erased—it was held, that the note might be read in evidence, without any previous explanation of the reason why the endorsement had been cancelled.

K held a note against L, and endorsed thereon one dollar for services rendered for him by L.—L afterwards sued K for the service, so endorsed on the note, and recovered, L having testified that he had never authorised K to make the endorsement.—In an action against L on said note, it was afterwards held, that K might erase said endorsement without prejudice to the note.

If an action of *assumpsit* be brought against two persons, and one of them suffer a judgment by default, he cannot be a witness in the same suit for the other defendant.

*Infancy* may be given in evidence under the *general issue* in an action of *assumpsit*.

This was an action of *assumpsit* brought against *David B. Lamson*, and *Nathan Lamson*, the latter of whom had suffered

WINDHAM,
*February,*
1829.

Kimball
*vs.*
Lamson.

a default. At the trial in the County Court, the defendant, *David B. Lamson*, pleaded in abatement, that the Justice of the Peace, before whom the cause was originally commenced, had adjourned the trial for a longer period than three months, that is, from the 26th day of January, 1828, to the 25th day of April, 1828. The Court overruled the plea of abatement, and ordered the said defendant to answer over. To which decision the defendant's counsel excepted.

The cause then proceeded to trial by the jury on the *general issue.* The plaintiff offered in evidence a promissory note made by the said *David B.* and *Nathan*, on the back of which appeared an endorsement in these words : " Oct. Received one dollar, by repairing my clock." Which said endorsement had been cancelled, as appeared by the note. The defendant's counsel objected to the said note being read in evidence until the plaintiff had produced testimony to explain by what authority the endorsement had been cancelled. But the Court overruled the objection, and decided that the note might be read in evidence. To which decision the defendant's counsel also excepted.

The plaintiff then read the note to the jury, and proved that the said *David B.* had, after the commencement of the present action, brought an action of *book debt* against the present plaintiff, *Kimball*, and produced on the trial of said action one book charge only against him, to wit, a charge of one dollar for repairing a clock—That *Kimball*, in defence to said action of *book debt*, pleaded in offset a book account of $8, and offered the note and endorsement thereon, not cancelled, as a defence to the book charge aforesaid—That *David B. Lamson* on said trial swore that he had never authorized *Kimball* to make the endorsement on the note ; and that the Court decided said action of *book debt* in favor of the defendant.

The defendant, *David B. Lamson*, on his part, then offered to prove by the said *Nathan Lamson* that the said endorsement was cancelled without the consent of him, the said *David B.* The witness was objected to by the plaintiff's counsel, because he was a party to the note and record ; and he was rejected by the Court. To this decision also the defendant's counsel excepted.

The defendant's counsel then offered the said *Nathan Lamson* and his wife to prove that the said *David B.* at the time of making the said promissory note was an infant, under the age of 21 years. It was objected by the plaintiff's counsel that the said witnesses were incompetent, by reason of the said *Nathan's* being a party to the suit ; and they were excluded by the Court. To this decision also the defendant's counsel excepted.

The defendant's counsel then offered to prove, that at the time

WINDHAM,
*February*,
1829.

Kimball
*vs.*
Lamson.

of making said promissory note he was an infant, under the age of 21 years. This was objected to on the part of the plaintiff, on the ground that infancy could not be proved under the *general issue:* and the Court accordingly decided that the testimony was improper. To which decision also, the defendant's counsel excepted.

The counsel for the defendant then requested the Court to charge the jury, that inasmuch as it appeared the said endorsement had been erased without the consent of the defendant, the note was void, and they must return a verdict for the defendant.

The Court refused so to charge, but, on the contrary, gave in charge, that if the jury believed the defendant brought an action against the plaintiff *for the same dollar* thus endorsed on the note, and, on trial of the same, testified that he never authorised the plaintiff to endorse the same on said note, that fully authorised the plaintiff to erase the endorsement, and left the note in full and binding force against the signers thereof. To this opinion of the Court also, the defendant's counsel excepted. The jury returned a verdict for the plaintiff.

The defendant removed the cause to the Supreme Court on a motion for a new trial founded on the aforesaid exceptions; and the questions to be decided were, whether the County Court erred in their several opinions before mentioned.

*R. M. Field, for the defendant,* contended, That the Statute limits the period of adjournment of a justice suit to three [lunar] months. A month in law is a lunar month. *Co. Litt.* 135.— *Bla. Comm.* 141.—*Doug. Rep.* 463.—1 *Bla. Rep.* 450.— 1 *M. & S.* 111.—2 *do.* 536.—2 *Camp.* 294.—"The word month, when used in a Statute, is, if nothing appear to the contrary, to be understood a *lunar* and not a *calendar* month." 15 *Johns. Rep.* 119.—The word month is frequently used in the Statutes of *Vermont* with the term *calendar* expressly prefixed. *p p.* 68, 109, 178, 179, 183, 184, 283.—Inference : when *not* expressed, lunar months are intended. A continuance for a longer period of time than a Justice is empowered by Statute to continue, is a fatal objection, even after trial, verdict and judgment.—1 *Johns. Cases,* 101.—*Caines' Rep.* 171.—2 *Johns. Rep.* 102.—also, *Pennington's Rep.* 135 and 132.

As to the *second* exception—the counsel contended, That the erasure of an endorsement without authority, renders void a contract; and that the plaintiff ought to have proved that the defendant authorised the erasure before reading the note to the jury.

The *third* exception was abandoned.

As to the *fourth* exception—a defendant who suffers judgment

WINDHAM,
February,
1829.

Kimball
vs.
Lamson.

by default is a competent witness for his co-defendant. 2 *Esp. Cases*, 552, *Wara* vs. *Haydon* and *Ventom*. The reason urged by the County Court, *arguendo*, for rejecting the witness was, that if the defendant prevailed, judgment must be arrested as against the other defendant, who was the witness offered. This the defendant admits to be a good answer to the third exception, but not to the one under consideration. For, whatever might once have been the law, it is now established, " that if one defendant in a joint action plead infancy, or give it in evidence under the general issue, judgment may still be rendered against the other defendant," and of course, in case of default, will not be arrested. 5 *Johns. Rep.* 160.—*Swift's Dig.* 707.

As to the *fifth* exception, a number of authorities were cited, among which were 2 *Lev.* 244.—*Gilb. Ev.* 163.—2 *Stra. Rep.* 733.—1 *Salk.* 279.—*Willes' Rep.* 410.—*Ld. Raym.* 389.—*Bull. N. P.* 152.—*Peake's Evidence*, 260.—*Esp. N. P.* 160.—1 *Esp. Cases*, 172, 2 *do.* 471.—1 *Phil. Ev.* 132.—1 *Chitty*, 469.—4 *Camp. Rep.* 117.—6 *Cranch*, 236.—2 *Stark. Ev.* 127.—5 *Johns. Rep.* 160.—9 *do. do.* 141.—4 *Dallas' Rep.* 130.—11 *Mass. Rep.* 147.

*M. Field, for plaintiff*, contended, 1st. That whenever the word month or months occur in the Statutes of *Vermont*, they are considered calendar months. This construction is obvious from the connection in which the words are often used, without any qualification, with those which relate to particular periods of time, about which there can be no dispute. *Vide Statutes of Vermont, passim*. In *New-England*, and most of the other states, a month when mentioned in a statute, generally, has ever been considered a calendar month. 2 *Mass. Rep.* 170, *Hunt et ux.* vs. *Holden*.—4 *id.* 460, *Avery et al.* vs. *Pixley, exr.*—4 *Mod. Rep.* 186.

On the 2d exception the plaintiff's council contended it was immaterial whether the note was read to the Jury before the evidence was introduced or afterwards, as both took place before the charge was given to the jury by the Judge.

On the 3d and 4th exceptions it is contended that a party to a note and record cannot testify for himself, or for his co-plaintiff or co-defendant, on trial. *Phil. Ev.* 57 and 61.— 1 *Swift's Dig.* 740.

As to the 5th exception, it is contended that the note being merely voidable, it was necessary that infancy should be pleaded, and is not like a case of coverture, where it is not merely voidable but void ; and herewith agrees the text of *Madox* vs. *Eden*, 1 *Bos.* and *Pull.* 480. The note in this case rests on the authority of the reporter, and cites some authorities, on which abun-

WINDHAM,
*February,*
1829.

Kimball
*vs.*
Lamson.

dance of modern books lay down the doctrine, as it is believed, contrary to principle. But the doctrine, contended for by the plaintiff, brings the law nearer to sealed instruments, where, it is admitted on all hands, infancy must be pleaded. 12 *Johns.* 337, *Van Valkenburgh* vs. *Rouk.*—1 *Chitty,* 479.—3 *Burr. Rep.* 1805.

The opinion of the Court was pronounced by

PADDOCK, J. The first question, presented by this case, arises upon the construction to be given to the *nineteenth section* of the act defining the powers of Justices of the peace; which is in the following words, to wit, " that every Justice of the peace shall " have power to adjourn the trial of any civil action brought be- " fore him to such future time as may be proper, not exceeding " three months;" whether it shall be construed to mean *solar* or *lunar* months.

The Court are aware, that in all judicial proceedings in *England*, in the reckoning of time, *month* or *months*, if not declared calendar, are to be taken as lunar. But the common law of *England* has been adopted in this State no further than it is found to be applicable to our local situation and circumstances; and in determining how far our circumstances will admit the adoption of it, we are to consider the habits and customs of our citizens; and we are satisfied, that in the various intercourse between the inhabitants of the State, where a calculation or computation of time is had, the calendar month is invariably used, except in the single instance of school teachers. No case can be found in our statute books where a lunar month is named; and we cannot, at this late period, say, that the lunar shall succeed the calendar in computing time, being conscious that the latter has been adopted by universal consent, and practiced upon by our Courts from their earliest organization.

As it respects the note executed by *David B. Lamson* and *Nathan Lamson* to the plaintiff, *Kimball*, the objection to its being read in support of the declaration was, that it appeared on the back of the note, there had been an endorsment of one dollar, and afterwards erased; and that the erasure ought to be first explained. In the case of *State* vs. *McLeran,* 1*st. Aiken,* 313, it was held by the Court, that an endorsement on the back constituted no part of the note; and was so decided in *Commonwealth* vs. *Ward,* 2 *Mas. Rep.* 397. If it should be considered better to have had the explanation gone forward of the note, yet it followed immediately after, and forms no sufficient grounds for a new trial. Furthermore, it appears that the dollar endorsed, was for repair-

WINDHAM.
*February,*
1829.

Kimball
*vs.*
Lamson.

ing a clock, and that *Lamson* had previously sued *Kimball* in an action of book debt, and recovered against him in that action for the same services; and when *Kimball* produced the note at that trial with the endorsement upon it, *Lamson* denied his right of so accounting for it. These facts being known to *Lamson*, he need not have made any further inquiry why the endorsement was put on, and why it was erased : *Kimball* would be justified in erasing it or not. But in either case, in the assessment of damages, it would be incumbent on him to shew that it ought not to be deducted from the amount due on the face of the note.

The third exception is abandoned by the defendant.

It is a general rule of law, that one who is a party on the record, cannot be introduced as a witness in the trial of the same action. *Bull. N. P.* 285. Yet in *Wara* vs. *Haydon & Ventom,* 2 *Esp. Cases,* 552, being a case of trover, we find that after *Haydon* was defaulted, he was suffered to testify for *Ventom* who had pleaded. And in the case of *Harrop* vs. *J. Green & G. Green,* 4 *Esp. Cases,* 198, in ejectment, *J. Green* suffered judgment to pass against him by default; *G. Green* pleaded to the action, and the Court suffered him to improve *J. Green* as a witness. In an action on the case against several defendants for a fraud, one suffered judgment by default, the others took a trial; it was decided that the confessions of the former might be given in evidence to enhance the damages against the others. *Bostwick* vs. *Lewis,* 1 *Day's Ca.* 33. But in *Barnard* vs. *Dawson,* 2 *Camp.* 333, *n. Le Blanc, J.* rejected one joint trespasser who was not included in the suit, when offered to prove the defendants guilty. But it is doubtful whether the latter case is law; for the general current of decisions is, that a co-trespasser may be made a witness at the election of the plaintiff. And if by mistake a trespasser is joined as defendant, whom the plaintiff intended to have improved as a witness, the Court will on motion permit his name to be erased, even after issue joined.

It is to be observed however, that all those cases sound in *tort.* In *assumpsit* the only exception to the general rule, which now occurs to me, is in the single instance of one defendant's pleading that which goes to his personal discharge, and not to the action of the writ. In such case, the plaintiff may enter a *nolle prosequi* as to that one, and proceed against the others, as was the case in *Hartness and others* vs. *Thompson and others,* 5 *John.* 160. And though the witness for some purposes may be said to remain a party to the record, yet I see no objection to his being improved by either plaintiff or defendant. But in the case of *Emmet and another* vs. *Butler and four others,* 4 *Taunt.* 599, three of the

WINDHAM,
February,
1829.

Kimball
vs.
Lamson.

defendants pleaded their discharge under the bankrupt act; and the question was, whether the other two had continued partners up to the time of the contract. The plaintiffs had a right to enter a *nolle prosequi* as to the three, and improve them as witnesses against the two; and by a parity of reasoning, and to preserve a consistency in the law in giving to both parties equal rights, the Court, at the request of the two, ought to have ordered the plaintiffs to enter a *nolle prosequi*, or a verdict for the three, that they might be made witnesses for the two, but the application, not being supported by any precedent, was refused. The case of *R. Brown* vs. *W. Brown & Tubb*, 4 *Taunt.* 752, is more directly in point, being an action of *assumpsit* for money paid. The defendant, *W. Brown*, suffered judgment by default; *Tubb* stood trial, and the plaintiff proposed to call *W. Brown* to shew *Tubb's* liability. *Bayley, J.* held that *W. Brown* was inadmissible; and his decision was afterwards confirmed by the whole Court. And I doubt very much whether a case can be found in *assumpsit* where the one of two defendants, after suffering a default, was improved for or against the other as a witness.

The next question is, whether infancy can be given in evidence under the *general issue?* It is a general rule, that every thing which goes to shew that the plaintiff had no cause of action against the defendant at the time of praying out his writ, may be given in evidence under the general issue. 1 *Ch.* 469. And though the promise of an infant is voidable, only, nevertheless the practice of giving infancy in evidence under that issue, has been too long established to admit of a doubt as to its being law. And as the testimony in this case was improperly rejected, the judgment of the County Court must be reversed, and

A new trial granted.

*M. Field*, for plaintiff.
*R. M. Field*, for defendant.