### John Williams and Young Reed v. Aaron Floyd.

Proof of the admission of a party, signing a promissory note, that he executed it, is sufficient without calling the subscribing witness.

Error to the Common Pleas of Allegheny.

*Sept.* 18. Aaron Floyd brought suit before a justice of the peace, against Williams and Reed, to recover the amount of certain promissory notes, and obtained judgment, from which the defendants appealed.

Upon the trial in court the plaintiff proved, that after some conferences between the attorneys, the defendants' attorney said, that he would not require the plaintiff to prove the execution of the notes, which were attested by a subscribing witness; that he would admit them, and would plead payment. That plea was entered; and so, afterwards, on the day of trial, were *non assumpsit* and set-off. The attorney of the plaintiff represented, that the subscribing witness to the notes lived at a distance, and it would only increase the costs to take his deposition.

The plaintiff further proved, that on the trial before the justice the defendants admitted the execution of the notes, to the admission of which testimony the defendants excepted, on the ground that the plaintiff was bound to prove the execution of the notes by

the attesting witness, or show that he was beyond the process of the court.

Under the instruction of the court, the jury found a verdict for the plaintiff. The admission of this testimony, and the charge, were assigned for error.

*Wills*, for the plaintiffs in error.—Before the admission could be received, evidence should have been given, showing that the subscribing witness could not be found, or was out of the jurisdiction, &c. : Truby *v.* Byers, 6 Barr, 347. The admission before the justice was a concession for that trial only, and did not dispense with the production of the witness on this occasion : Pearl *v.* Allen, 1 T. Rep. 4.

*M'Calmont*, contrà.—This case differs from Truby *v.* Byers in two particulars :—                                                        \

1. That was the case of a specialty ; this of a promissory note. The confession of a party that he executed a note is sufficient without calling the subscribing witness : Hall *v.* Phelps, 2 John. 451 ; Fox *v.* Reid, 3 John. 477 ; Henry *v.* Bishop, 2 Wend. 576.

2. The absence of the witness here was induced by the act of the defendants below, or for their accommodation. They waived his testimony, or he would have been produced : Lanig *v.* Raine, 2 Bos. & Pul. 85. The plea of *non assumpsit* was only added on the eve of trial. The court properly held the party to his agreement. Admissions of attorneys are binding : 7 Carr. & P. 6 ; Conrad *v.* Farrow, 5 W. 536.

The opinion of this court was delivered by

BELL, J.—In Pennsylvania, where the question is of the execution of a deed, we have steadily adhered to the English rule, which requires the oath of the subscribing witness to prove an attested instrument, notwithstanding the inconveniences that have attended its operation in practice, and the doubt of its propriety, to which frequent complaints have given birth : Truby *v.* Byers. In other instances, a disposition has been manifested to extend it to documents not under seal : Heckart *v.* Haines, 6 Binn. 116 ; M'Mahon *v.* M'Grady, 5 S. & R. 314 ; and, in most of our sister states, the rule has been enforced as a general one applicable to all cases of attestation, though it must be confessed it might frequently be dispensed with, without hazard of injustice. So long ago as 1787, the question was mooted in the Court of Common Pleas of Philadelphia county, whether an attested promissory note could be proved by

evidence of the drawer's handwriting, without accounting for the absence of subscribing witness. The learned judge who then presided in that court, was clearly of opinion there was no reason for making any distinction in this respect between promissory notes and specialties; but the case can scarcely be considered as an authority upon this precise point, since it was actually decided the instrument there in suit was a specialty: January *v.* Goodman, 1 D. 228. Some years afterwards, the same inquiry was presented for adjudication in the Supreme Court of New York. In Hall *v.* Phelps, the offer was to prove a negotiable instrument, in the absence of a subscribing witness, by the confession of the drawer, and this was said to be competent evidence. The opinion of the court was delivered by Mr. Justice Spencer, who, after stating the English rule as being settled since our revolution, said, "Allowing evidence of confession does not trench upon the rule that requires the best evidence of which the nature of the case is susceptible. The rule means only that inferior evidence shall not be given when higher evidence is in possession of a party, or is presumed to be within his power. The confession of a party that he gave a note or any instrument precisely identified, is as high proof as that derived from a subscribing witness. The notion that the persons who attest an instrument are agreed upon to be the only witnesses to prove it, is not conformable to the truth of transactions of the kind, and, to speak with all possible delicacy, is an absurdity." It will be perceived that this opinion proposed to recognise the acknowledgment of the party as sufficient in all cases, irrespective of the character of the instrument in dispute. But the case, as an authority to this extent, was afterwards repudiated in Fox *v.* Reid, though recognised as ascertaining what would be competent proof of negotiable writings. The court thought it was not at liberty to extend the decision to instruments under seal, since, as to them, they were concluded by an ancient and uniform rule : yet Chief Justice Kent, who pronounced the judgment, declared he concurred in the very point determined in the former case, from a sense of the great inconvenience of the English rule when applied to commercial paper, which circulates with equal facility and credit without the encumbrance of a subscribing witness. The same doctrine was again asserted by Spencer, C. J., in Shaver *v.* Ehler, 16 John. 202 ; and finally, Chief Justice Savage, in Henry *v.* Bishop, after citing with approbation, the observations of Mr. Justice Spencer, in Hall *v.* Phelps, fully recognised the relaxation of the old rule ascertained by that case, as certainly established in respect of negotiable instruments. It may

now, therefore, be taken as the settled law of New York, that promissory notes and bills of exchange may be proved by the acknowledgment of the parties to them, or, perhaps, by proof of their handwriting, though there be an attesting witness. The reasons given for this partial departure from what seems to be elsewhere regarded as a rule of universal application, certainly commend themselves to the acceptance of those whose experience has brought them acquainted with the frequent results of its stringent operation in all instances, and taught them how little of practical truth there is in the ground upon which it is supposed to stand, especially when viewed in reference to the ordinary business transactions of a trading community. If we concede what certainly cannot well be denied, that the distinct acknowledgment of a party, freely and understandingly made against his interest, is of the highest order of proof, it is impossible to regard it as secondary to the oath of a witness, a stranger to the transaction, simply because his name is written upon the instrument. When we reflect upon the nature of negotiable paper, and the usual rapidity of its circulation, it must strike us as highly unreasonable and impolitic to subject it to the operation of a technical rule, which, in its origin, was unquestionably confined to sealed instruments usually executed with greater solemnity and ceremony, and intended to operate within a limited space. The very fact that bills and notes are but seldom attested proves that the name of a witness adds nothing to their value; and the prevailing policy of leaving them as much as possible untrammelled, inculcates that the presence of such a witness ought not to add to the difficulty of proving them.

In Pennsylvania, being unshackled by binding precedents on this subject, we are at liberty to listen to the reasoning productive of the conclusion adopted by our sister state. After reflection, we are satisfied those reasons are well founded, and that the conclusion drawn from them is not only unattended with danger, but must be conducive to the convenience, and therefore promotive of the interest, of those whom it is principally to affect. It is, too, in accordance with the present wise inclination of courts to open rather than close the door for the admission of evidence. As it is not in violation of any cardinal principle of the law of evidence, nor likely, in any instance, to break in upon the understanding of the parties to negotiable instruments, we see no objection of sufficient magnitude to deter us from the adoption of the reasonable rule which has prevailed for some past years, in the neighbouring tribunals, without complaint. None such has been pointed out by the

counsel who argued for the plaintiff in error, and we feel satisfied that justice would be best subserved, and fraud most frequently foiled, by a departure, in cases like the present, from a rigid technical rule, which is too often employed to shut out the truth. In the instance before us, the defendants have solemnly acknowledged the note to be theirs, before a tribunal constituted to try that fact, and thought not of denying them, until the hope of avoiding a final trial suggested such a course.

If it be thought the decision of this point is introductory of a new practice, it is gratifying to know it cannot operate as a surprise on the defendants below. It is admitted their plea of *non assumpsit* was unfounded; their defence rested on other grounds.

Judgment affirmed.