## Stevens *versus* Martin.

1. It was not error to admit a patent for a donation tract, merely because an interlineation existed in it of the letter C over the number of the tract—the question, whether the interlineation was made before or after the *execution of the patent*, might have been raised before the jury.

2. A deed dated in October 1796, for land in Pennsylvania, was acknowledged before a judge *of the Common Pleas* in Hunterdon County, New Jersey, in the same month and year, and a certificate of the clerk of the Court of Common Pleas of that county was made in 1849 : *Held*, that the irregularity in the acknowledgment was cured by a subsequent Act of Assembly passed 10th April, 1849, validating acknowledgments made before a Court of probate *or Court of record* of any state or territory, and that the acknowledgment and certificate need not be immediately consecutive acts.

ERROR to the Common Pleas of *Mercer county*.

This was an ejectment by John F. Martin and Ross F. Martin *v.* Edward Stevens and others, for 200 acres of land.

On the trial the plaintiffs gave in evidence a certificate from the Surveyor-General's office of Christopher Manning being a corporal, and drawing lot No. 1030, in 5th district, of 200 acres—1st corporal, 2d regiment. Also, the general draft of 5th donation district, lot No. 1030, Christopher Manning, bounded north by 1029, John Pearson, east by vacant land, south by No. 1031, Joshua Cox, 200 acres, and west by 1038. Also, patent from Commonwealth to Stephen Louden, assignee of Christopher Manning, dated 7th Dec. 1786, and describes "a certain tract of land lying in the county of Westmoreland, in the 5th district of donation lands, beginning, &c., containing 200 acres, and allowance of six

*per cent.* for roads, and numbered DCCC $\overset{C}{\underset{\wedge}{\text{CXXX}}}$ with appurtenances," &c. This patent objected to by defendants because it does not call for lot No. 1030. The objection was overruled.

Also, deed from Stephen Louden to Stephen Vorheis, dated 27th March, 1787, described as in the patent and numbered in the same way. Objected to by defendants, and objection overruled.

Also, deed from Stephen Vorheis and Margaret his wife to Peter Voorheis, dated 20th October, 1796 ; describing the land the same as in the patent. This deed objected to by defendants, because it does not call for lot No. 1030. It is acknowledged before a judge in the county of Hunterdon and state of New Jersey on the 26th October, 1796, and certificate of the clerk of the Court of that county made on 24th October, 1849. Objection overruled. Deed received, and exception on part of defendants.

Error was assigned to the admission of the evidence objected to.

*Maxwell* and *Stewart,* for plaintiffs in error.
*Purviance,* contrà.

The opinion of the Court was delivered Oct. 6, by

CHAMBERS, J.—The plaintiffs, to sustain the issue on their part, gave in evidence a certificate from the Surveyor-General's office, that Christopher Manning, corporal, had drawn donation lot No. 1030, in 5th district, of 200 acres; and also the general draft of that district, describing lot No. 1030 to Christopher Manning, bounded north by 1029, John Pearson; east by vacant land; south by 1031, Joshua Cox, 200 acres; and west by 1038.

The plaintiffs next offered the patent from the Commonwealth to Stephen Louden, assignee of Christopher Manning, dated 7th December, 1786, describing the donation lot as bounded in the draft. It was objected to on the part of the defendants, for that there was an interlineation of the letter C, over the numerical letters, and which made out the number 1030. The Court over-ruled the objection, and admitted the patent in evidence, to which exception was taken, and it is assigned for error in this Court.

The patent described this donation lot, by bounding it on the other donation lots, which fixed its location with reasonable certainty, independent of its own appropriate number. The insertion of this letter might well be presumed to have been the act of the clerk of the Commonwealth who filled up the blanks in the patent, and made before the issuing of it.

The Court below was right in admitting the patent in evidence, and it would have been competent to defendants to raise the question before the jury, as a matter of fact for their decision, whether such interlineation was made before or after the execution of the patent: Heffelfinger *v.* Shutz, 16 *Ser. & R.* 44.

The second error relied on by the defendants in error was the admission in evidence of the deed from Stephen Vorheis and wife to Peter Voorheis, dated 20th October, 1796, describing the same land as in the patent; being acknowledged before a Judge of the Court of Common Pleas of the county of Hunterdon, New Jersey, on the 26th October, 1796, and a certificate of the clerk of the Court of that county, made on 24th October, 1849.

It is objected to the admission of the deed described, that it was not acknowledged out of this state before such judicial officer as the laws of Pennsylvania required when the said deed purported to have been acknowledged; and that the lapse of time from the acknowledgment, to the procurement of the certificate of the clerk of the Court, avoided such certificate.

Though the existing laws of Pennsylvania in 1796, did require the acknowledgments of deeds by husband and wife, when made out of the state, to be made before a higher judicial officer than that named in the acknowledgment, yet such acknowledgments

[Stevens v. Martin.]

have been confirmed and made valid since by Acts of Assembly, amongst which is the Act of 10th April, 1849, see § 8 *Dunlap* 1189, which makes the acknowledgment of a deed out of the state, before any one of the judges of a Court of probate or Court of record of any state or territory within the United States, and so certified under the hand of said judge and seal of said Court, valid to all intents and purposes, &c.

The objection to the interval between the acknowledgment before the judge, and the date of the certificate of the clerk of the Court, is not such as will vitiate it, and prevent the admission of the deed in evidence ; circumstances may prevent the acknowledgment and certificate from being consecutive, and it is not essential that they should be.

The errors assigned not being sustained, the judgment of the Court below is affirmed.