## Clark *et al. versus* Freeman.

Proof of the handwriting of the maker of a promissory note, and the testimony of a witness that he had corresponded with "Bradner and Co. of New York," and from his knowledge of their signatures thus acquired, his opinion was that the endorsement was made by "Bradner & Co.," was sufficient to let the note go to the jury.

The execution of the note, possession of it by the plaintiff, evidence of the handwriting of the endorser, in the absence of evidence of any other *firm of the same name*, is *primâ facie* evidence of identity.

ERROR to the Common Pleas of *McKean county*.

This action was brought for the recovery of a promissory note, dated 31st May, 1850, for $728.72, signed by defendant, payable to the order of Bradner & Co., and endorsed, or said to be endorsed, by the payees.

Hamlin (a witness produced by plaintiff) deposed that he knew the parties to the suit, and had had correspondence with Bradner & Co., of New York—had addressed them letters, and had received replies; and, being shown the notes, said, "from the knowledge I have of the signature of Bradner & Co., acquired by the correspondence aforesaid, my opinion is that the endorsement of Bradner & Co., upon the back of the note, was entered thereon by Bradner & Co." The Court admitted the note, and defendant excepted.

*Johnson* and *Brown*, for plaintiff in error, cited 1 *Greenl. Evidence*, § 577; 2 *Starkie* 373. The identity of the endorsers with Bradner & Co. is not established.

*Witmore*, for defendant in error, cited 1 *Greenleaf*, 3d ed., § 575.

The opinion of the Court was delivered by

LEWIS, C. J.:—This is an action on a promissory note, drawn in favour of "Bradner & Co." or order, and purporting to bear their endorsement. The Court admitted the note in evidence after proof of the handwriting of the makers, and evidence given by B. D. Hamlin that he had corrresponded with Bradner & Co., of New York; and, from his knowledge of their signature, thus acquired, his opinion was that the endorsement was entered by "Bradner & Co." The admission of the note in evidence was the error assigned.

The execution of the note was an admission of the existence of the payees therein named; and the possession of it by the plaintiff, with Mr. Hamlin's testimony to the endorsement by

" Bradner & Co.," in the absence of evidence of any other firm of that name, was *primâ facie* evidence that the endorsement was made by the proper parties. This was sufficient to justify the Court in admitting the note to be read to the jury.

Judgment affirmed.