## GROSS v. FOWLER.

THE term "months" used in the statute fixing the period of redemption from judicial sales means calendar and not lunar months.

When a term, not technical, is used in a statute it must, unless the Legislature have affixed to it a special definition, be taken in its ordinary and general sense.

A Sheriff's deed upon a judicial sale, executed before the expiration of the statutory period of redemption, is absolutely void and not merely voidable.

APPEAL from the Fifth Judicial District.

Ejectment for a lot in the city of Stockton. The answer denied the plaintiff's title, and the issue thus raised was tried by the Court without a jury.

The plaintiff introduced the judgment roll in a former action in the same Court brought by the present plaintiff against the defendant to foreclose a mortgage previously executed by the latter upon the lot in question, in which action a decree was rendered foreclosing the mortgage and directing a sale of the premises—also, the order of sale to the Sheriff and his return certifying that the sale was made on the fifth day of October, 1861, the plaintiff being the purchaser, and a deed from the Sheriff to the plaintiff, dated on the twenty-fifth day of March, 1862.

No evidence was introduced by defendant, and the Court gave judgment for plaintiff.

Defendant moved for a new trial, on the ground that the evidence was insufficient to justify the decision, which motion was denied. From this order and from the judgment defendant appeals.

*W. J. Graves,* for Appellant.

I. By the words " six months," as used in the Redemption Statute, is meant six calendar not six lunar months. Perhaps in England, ordinarily, the word month, *ex vi termini,* means a lunar month, but in mercantile contracts, even there, the usage or rule is to calculate the months as calendar. (*Jolly* v. *Young,* 1 Esp. N. P. Cases, 186.) And in other contracts the lunar is made to yield to the calendar months, if such was the intention of the parties. (*Dyke* v. *Sweeting,* Willis, 585; *Long* v. *Gale,* 1 Maule & Sedw. 111.)

In this country the old English rule has been considerably impaired if not entirely overthrown, and the term " month " is usually computed, and especially in statutes and judicial proceedings, as calendar. (*Commonwealth* v. *Chambre,* 4 Dallas, 132; 3 Serg. & Rawle, 184; *Alston* v. *Alston,* 2 Comst. 604; 5 Grattan, 285; 21 Ala. 47.)

In some of the States the meaning of the term " month " is fixed by statute, but such is not the case in California, and we rest the case upon the law on the subject as changed by the current of American cases, and the manifest intention of the Legislature as gathered from the wording of the section in question.

By the custom of trade, as in case of bills of exchange and

26

promissory notes, a month is deemed a calendar month. This, indeed, is the universal rule of the commercial·world in regard not only to negotiable instruments but all commercial contracts. (Story on Bills, sec. 330 ; 3 Brod. & B. 187.)

This is, also, the generally received and popular meaning of the term, and in construing a statute designed to be understood and applied by the people in their business affairs the popular meaning of its terms should be adopted. (*Brewer* v. *Harris*, 5 Grattan, 298.)

II. The Sheriff's deed having been made within the six months carried no title. It was not merely voidable but absolutely void. A title deduced by and through a judicial sale must show a strict compliance with the statutory mode. The statute directs the Sheriff to make the deed after the lapse of six months ; he cannot do it before. Were he permitted to do so before, the practice would become general, and thus the title to property sold would become clouded with premature conveyances.

*H. O. Beatty*, for Respondent.

I. Upon the first point of the appellant, whether the term " months " in our Redemption Statute means calendar or lunar months, we ask that the statute making the common law the rule of decision in our State may be considered and applied. In other words, we desire the point to be settled by the common law of England and by no other law. And in support of the position that " months " in our statute mean lunar months, we cite the following authorities : 2 Blackstone's Com. top p. 113 and note ; 6 Term. 224 ; *Stackhouse* v. *Halsey* (3 John. Ch. 74)—directly in point ; *Loring* v. *Halling*, (15 Id. 119) ; 3 East. 407 ; *Croke* v. *Mc-Tavish* (1 Bingham, 307)—found in 8 Eng. Com. Law 521, 522.

II. Upon the second point, that the deed being prematurely made is only voidable and not absolutely void, we think that the statute itself is conclusive. The conclusion of the two hundred and thirty-third section of the Practice Act reads thus : " If the debtor redeem at any time before the time of redemption expires the effect of the sale shall be terminated and he be restored to his estate." Now, whether a deed be or be not made, if he offer to

redeem in time he will be restored to his estate.   If he do not redeem in time he will not be restored to his estate whether a deed be or be not made.   It is a matter of perfect indifference to him. It does not affect his interests or his right, one way or the other, to be restored to his estate.   It would, then, be a new thing to declare a deed absolutely void which worked no injury to any one.

FIELD, C. J. delivered the opinion of the Court—COPE, J. and NORTON, J. concurring.

The plaintiff deraigns title through a deed of the Sheriff executed to him upon a sale of the premises in controversy under a decree in a mortgage case.   The sale was made on the fifth of October, 1861, and the deed was executed on the twenty-fifth of March following— which was after the lapse of six lunar months, but within six calendar months.   The statute allows six months from the date of the sale for the redemption of real property sold under execution, and this Court has held that a similar right of redemption applies to sales under decrees in mortgage cases.   The decision placing sales under decrees in mortgage cases and under executions on judgments at law upon the same footing was made as early as 1852, and has been adhered to ever since.   (*Kent* v. *Laffan*, 2 Cal. 595; *McMillan* v. *Richards*, Id. 412.)   It is very generally conceded by the profession that the decision was based upon an erroneous construction of the statute; but, admitting this to be true, it is too late to interfere with it; rights of property of vast value have grown up under the decision which no Court is at liberty at this day to disturb.   If a different rule is to be established hereafter it must be by legislative enactment.   Such being the case, two questions are presented for determination: first, whether the term " months " in the statute is to be construed to mean lunar or calendar months; and second, if construed to mean calendar months, whether the deed of the Sheriff was void or merely voidable.

1. We were under the impression on the argument that the meaning of the term " months," when used in the Acts of the Legislature and in public documents, had been settled by statute, but we have been unable to find any legislative provision on the subject, and counsel have not called our attention to any, if any exist.   We

must construe it, therefore, as we would any other term which the Legislature has used, and to which it has not affixed a special definition. It is not a technical term, and it must, therefore, be taken in its ordinary and general sense. This is a settled rule of construction, and under it the question presented becomes one of easy solution. In the general and popular use of the term, calendar months are always intended ; and " the popular meaning of a term used in a statute, made to be understood and practiced upon by the people," says the Supreme Court of Connecticut, " is the only intendment that ought to be adopted." And it is upon this principle, the Court continues, that the " word ' month ' has invariably been expounded to mean calendar month ; that is, to mean what every one, not a lawyer by profession, believes the word to mean." (*Strong* v. *Birchard*, 5 Conn. 361.) A similar view is taken by the Court of Appeals of Virginia, in *Brewer* v. *Harris* (5 Grattan, 298) : " In the use of language not technical," says the Court, " the Legislature must be supposed to express their meaning according to the sense in which it will be understood by the persons for whom they legislate." (See, also, *Avery* v. *Pixley*, 4 Mass. 460 ; *Kimball* v. *Lamson*, 2 Verm. 138 ; *Commonwealth* v. *Chambre*, 4 Dall. 143 ; *Bartol* v. *Calvert, Administrator*, 21 Ala. 46.) The reasons upon which the doctrine prevailing in England rests, where, in the absence of any designation, the term " months " in statutes is generally construed to mean lunar and not calendar months, are insufficient to overcome the considerations we have stated.

2. The deed having been executed before the expiration of the statutory period allowed for redemption, the question arises, whether it is void or only voidable. The plaintiff contends that it is only voidable—by which he means, as we suppose, that it is good until set aside by direct application to the Court, and that it cannot be attacked collaterally. If this be his meaning, the position is untenable. The real question is one of power. Had the Sheriff authority to execute the deed at the time ?—and to this there can be but one answer. His power did not arise until the six months had elapsed.

Judgment reversed and cause remanded for a new trial.