Hildebrand to Use *v.* Burger et al., Appellant.

Argued March 11, 1931.

Before Trexler, P. J., Keller, Linn, Gawthrop, Cunningham, Baldrige and Drew, JJ.

*Frederick B. Gerber,* and with him *W. F. Bay Stewart,* for appellant.

*Walter I. Anderson,* and with him *John A. Hoober,* for appellee.

Opinion by Drew, J., April 15, 1931:

The use plaintiff, Barbara A. Hildebrand, was the holder of a judgment note, under seal, for $200, dated April 9, 1912, signed by A. C. Burger and Jacob Con-

ley, payable with interest on or before April 1, 1913, to the order of J. Z. Hildebrand, and assigned by him to her on April 9, 1922. Interest was paid on the note to March 9, 1922, but no part of the principal was ever paid. On October 10, 1927 judgment was confessed, on behalf of the use plaintiff, against both Burger (who was then dead) and Conley. Subsequently, upon the averment by Conley that he had never signed the note, the judgment was opened and an issue framed by agreement of counsel. At the trial defendant offered no testimony, but submitted a point for binding instructions, which point the court refused. A verdict was returned for plaintiff for the amount of the note and unpaid interest. Defendant's motions for a new trial and for judgment non obstante veredicto were refused and judgment was entered upon the verdict. Defendant appealed.

The first assignment of error is to the admission in evidence of the note in suit; the second assignment of error is to the refusal of defendant's point for binding instructions. As both assignments raise the same question we shall consider them together.

Before the note was offered in evidence defendant's signature thereto was identified by the cashier of the bank at which defendant had dealt for nineteen years. Plaintiff and another witness testified to a verbal promise made by defendant to plaintiff that he would pay the note. The testimony of plaintiff and her witnesses was sufficient to warrant the admission of the note in evidence: Williams v. Floyd, 11 Pa. 499; Clark v. Freeman, 25 Ibid. 133; Stewart v. Gleason, 23 Pa. Superior Ct. 325; Donohoe's Estate, 271 Pa. 554.

On the back of the note, among eight indorsements of interest, there appears the following: "Received from Jacob Conley twelve dollars interest on note April 1, 1916." It is the contention of the appellant that this indorsement of interest constituted a ma-

terial alteration of the instrument to his prejudice, and, until explained by plaintiff, rendered the note inadmissible in evidence. If the memorandum of interest payment did constitute a material alteration, this contention would be correct (Colonial Trust Co. v. Getz, 28 Pa. Superior Ct. 619), but an alteration which places no responsibility on the parties to which they were not subject before the change, does not vitiate the instrument: Craighead v. McLoney, 99 Pa. 211.

We have not been referred to, nor have we been able to find, any case directly in point in Pennsylvania, but in many other jurisdictions it has been held that a memorandum of payment indorsed on the back of a promissory note after execution, forms no part of the original contract of the parties thereto. It is not an alteration of the note, and does not discharge a surety of the maker. It is no part of the contract of the parties. The original note, which constitutes the evidence of their contract, remains intact. A memorandum of payment is merely evidence against the holder of the fact of payment and is of no more effect than if made on a separate piece of paper. (Cambridge Savings Bank v. Hyde, 131 Mass. 77.) It has been held that where a small payment has been indorsed on the note, and afterwards erased, the note may be read in evidence without any person's explanation of the reason why the indorsement was cancelled: Kimball v. Lamson, 2 Vt. 138. It has also been held that an indorsement on a note, "interest paid to November 20, 1876," is in the nature of a receipt and not a contract and may be contradicted or explained by parol: Sears v. Wempner, 27 Minn. 351. See also Bland v. Fidelity Trust Co., 71 Fla. 499, and cases there cited.

To constitute a material alteration of a note or other contract which will avoid it, there must be such change or alteration in the writing as to make it

another and different instrument. The ground upon which this doctrine rests is that such alteration destroys the identity of the contract. If the writing on the back of the instrument is such as to change the effect of the contract itself, it would constitute a material alteration of the contract of the parties; but a memorandum of a partial payment indorsed by the holder on the back of a promissory note is not of this character. It constitutes neither a contract nor any part of a contract, but is a mere acknowledgment, in the form of a receipt for payment, which may be contradicted or explained by parol: Theopold Mercantile Co. v. Deike, 78 N. W. 977. See also Lau v. Blomberg, 91 Ibid. 206.

In the instant case defendant was in no way prejudiced by the indorsement: "Received from Jacob Conley twelve dollars interest on note April 1, 1916." This memorandum was no part of the contract; merely evidence of the payment of interest. The contract remained as before, its identity not changed in the slightest. The memorandum was open to contradiction and could have been explained by parol. It did not place any new burden or liability upon the defendant. Interest was not claimed by the plaintiff for the period covered by this indorsement. The action of the court in overruling the objection to the admission of the note in evidence was proper.

Defendant was not asked to pay the note because of anything appearing on the back of it, but because his name appears on the face as a maker. When one subscribes his name in the proper place at the bottom of a note his rights and liabilities are determined by the position in which his name appears on the instrument: Diffenbacher's Estate, 31 Pa. Superior Ct. 35.

Inasmuch as there was no material alteration of the note, and it was properly admitted in evidence, de-

fendant's point for binding instructions because of its admission was properly refused.

The third assignment of error is to the admission in evidence of alleged promises on the part of the defendant to pay the note. Testimony on this subject, given by plaintiff and a witness who resided in the same house with her at the time of the making of one of the alleged promises to pay, was objected to by counsel for defendant because defendant's signature had not as yet been identified and because the note was not present at the time the alleged promise to pay was made by defendant. We see no merit in this objection. The testimony objected to is sufficient proof of execution in itself to take the question of the genuineness of defendant's signature to the jury: Stewart v. Gleason, supra. The note was not present on the occasion of the alleged promise of defendant to pay, but plaintiff testified that the note in question was the only note she held against defendant, and there was no evidence of any other note to which defendant could have thought he was referring, when he promised payment. Upon the authority of the case last cited all this testimony was clearly admissible and it would have been error on the part of the court below to reject it.

The assignments of error are overruled and the judgment of the court below is affirmed.