## Kountz *versus* Kennedy.

1. H. bought property from K., and in payment gave him a note at eighteen months payable to W. and by him endorsed. On the same day, after the delivery of the note to K., he returned with it to the clerk of H., said it was to have been drawn with interest, and the clerk, with the assent of H., added "with interest." The note being unpaid by the drawer at maturity, K. sued W. and gave in evidence the note with the addition taken out. *Held*, the alteration not having been fraudulently made, that W. was liable notwithstanding the alteration.

2. Restoring the note to its original condition by erasing the alteration was not a fraud on the endorser, for it left the note as it was when he endorsed it.

3. The material test as to liability on an altered instrument is whether its identity remains.

4. If the alteration of a note, &c., be made fraudulently or with an illegal intent, or the original words cannot be certainly restored, or any party has become interested in it or affected by it or related to it since the alteration so that the alteration will do him wrong, the party making the alteration must abide by it and its consequences; otherwise he may restore the note to its original form and force.

5. If when satisfaction of a note is demanded it be the same as before without having been fraudulently tampered with, it is not to be regarded as having been altered materially.

6. There is no rule of law, independent of intention, which declares that an alteration not affecting ultimate liability makes the instrument void.

November 9th 1869. Before THOMPSON, C. J., READ, AGNEW, SHARSWOOD and WILLIAMS, JJ.

[Kountz *v.* Kennedy.]

Error to the District Court of *Allegheny county :* No. 118, to October and November Term 1869.

This was an action of assumpsit by James W. Kennedy against William J. Kountz to January Term 1868.

The claim was by the plaintiff, as holder, against the defendant as endorser of a note for $750, drawn by John P. Hunt, in favor of the defendant and by him endorsed.

On the trial the plaintiff gave in evidence the note, with protest, as follows :—

" $750.00.                    Pittsburg, May 24th 1866.

Eighteen months after date, I promise to pay to the order of W. J. Kountz, seven hundred and fifty dollars, without defalcation, for value received.

JOHN P. HUNT.

Endorsed, W. J. KOUNTZ."

And rested.

The defendant then examined N. P. Ramsey, the clerk of Hunt, who testified that he filled in the note at the instance of Hunt and within a short time, on the same day, the note was endorsed by the defendant. It was the consideration for a printing office sold by the plaintiff to Hunt. The note was endorsed by the defendant in presence of the witness and delivered to plaintiff, who took it away, within an hour and a half afterwards plaintiff brought it back and told the witness that he had neglected to add the words " with interest." The witness then inserted these words. The witness further testified that the words seemed " to be taken out," there seemed to be a kind of chemical used to take them out. They were not scratched out. On cross-examination the witness said that when the plaintiff brought the note back he said it was to be with interest, and that Hunt told him to wait till witness came back so as to have it in the same handwriting; witness informed Hunt and Hunt did not object to it. Witness did not see the defendant after the alteration.

The evidence being closed and there being no disputed fact the court, with consent of the parties, directed a verdict for the plaintiff, " subject to the opinion of the court in banc, whether the plaintiff is entitled to recover, taking all the evidence to be true; and if so, then judgment to be entered on the verdict. But if he is not, then judgment to be entered for the defendant non obstante veredicto."

The jury found for the plaintiff for $814.68, subject to the reserved question. The court afterwards entered judgment on the verdict on the question reserved. This, on removal of the case to the Supreme Court, was assigned for error.

*D. W. Bell* (with whom was *A. S. Bell*), for plaintiff in error.—

[Kountz v. Kennedy.]

The alteration was material and the note is absolutely void: Struthers v. Kendall, 5 Watts 229; Southwark Bank v. Gross, 11 Casey 80; Hill v. Cooley, 10 Wright 261; 2 Parsons on Notes 545, 549, 550, 571. Being void it cannot be made good unless by consent of all parties.

C. B. M. Smith, for defendant in error.—The endorser is liable for the amount of the note as it was when he endorsed it: Worrall v. Gheen, 3 Wright 388; Boyd v. Brotherson, 10 Wend. 93; 2 Parsons on Notes 570; Nevins v. De Grand, 15 Mass. 436.

The opinion of the court was delivered, January 31st 1870, by

THOMPSON, C. J.—This was an action by the plaintiff, the payee of the note in suit, against the endorser; he gave in evidence the note and protest with proof of endorsement without objection, and rested.

The defence set up was, that the note had been altered, and to establish this the defendant called Ramsey, who had been the clerk of Hunt, the maker, to prove the alleged alteration. He testified that within an hour or an hour and a half after the making of the note, and after its delivery and endorsement by the defendant, as surety for the maker, the plaintiff brought it back to Hunt's place of business, and told witness, Hunt being temporarily absent, that the note was to have been drawn " with interest," and that he, the witness, had neglected to insert it, that he had seen and informed Hunt of the omission, and that he, Hunt, was agreed it should be inserted. The witness says he then added the words " with interest," and told Hunt of it when he came in, and that he assented to what had been done. The witness was then asked if the words had been " scratched out," and he answered that they were not there, but that they seemed to have been taken out by the use of some kind of chemicals.

This was the defence, nothing more or less. Certainly as between the maker and payee the note would not be affected by what had been done if it had remained on the paper. Nor is there a shade of suspicion from the evidence that the alteration was done for any fraudulent purpose. Not a doubt but that Kennedy expected to get his money from Hunt, the maker, and that Hunt expected to pay it. The endorser was hardly, at this early moment, expected to stand as the paying party by any of the parties to the note. An intention to defraud him by making the alteration is without anything in the testimony to support it, and was not pretended in argument. The sole ground of defence was the alteration of the note.

But the note in evidence was precisely in the form it was when endorsed. It had been returned to its original shape. The restoration was not a fraud on the endorser, for it left the note as

it was when the endorsement was made. Now it seems to me, that, as the identity of the note remained and there was nothing in it to enlarge the obligation of the endorser, and as what had been done was innocently, but mistakenly done and expunged for aught we know, within the hour after it had been done, there is no rule of law unreasonable enough to hold it avoided by this.

I admit that if there had been evidence of a fraudulent tampering with the note, a different rule would apply. But regarding it as mistakenly done, in an attempt to make the note comply with the contract, and assented to by the original parties, one of them the principal in it, and without fraud, ought the consequences of such an act, done under such circumstances, be made to rank with fraud and perjury? It ought to be regarded as it manifestly was, to the endorser, immaterial. The holder of the note never claimed any change of the endorser's liability—and there is nothing in the note which does change it, or which shows a legal possibility of change. If this be so, and it is undeniable, the alteration was immaterial, and it is not for the endorser to escape liability by imputing an intention to make him liable, against the act of the holder to the contrary. Neither was the identity of the note changed. If its appearance was marred in the least, this was explained by the testimony, which showed the addition of two words, and the marks of their expurgation, which we are to presume, in accordance with the presumption of innocence, were expunged before any party was liable on the note. In Kendall *v.* Struthers, 5 Wright 229, the material test seemed to be, whether the identity of the note remained. No such question as this can be raised here. It remained precisely the same as it originally was. There is no subject in the books which has occupied a much larger share of attention than questions of the alteration of writings, but after all that has been said, each case must stand much more on its own facts than upon the rules announced in any given case. There are some general principles, however, that aid in arriving at results, and I think Mr. Parsons, in his work on Notes and Bills, vol. 2, p. 570, has some views material to be considered in this case. His acknowledged accuracy and ability give great weight to any subject of which he treats. Speaking of alterations of notes and bills, he says:—

" The best view we can take of the question, which we suppose to be made difficult rather by facts and circumstances than by any uncertainty as to principles, is this: If the alteration be made fraudulently or with an illegal intention, or if the original words cannot be restored certainly, or, if any party has become interested in the note, or affected by it, or related to it since the alteration, in such a way that the restoration will do any wrong to this party—in either of these cases we should say, the party must abide by the alteration he made, and accept the consequences of making

[Kountz *v.* Kennedy.]

it. But, unless one of these reasons exist, we are not aware of any good and sufficient argument for refusing to permit him to restore the instrument to its original form and force." It is most certain that none of these exist in this case, and, therefore, there is no reason why the plaintiff should be prejudiced; the defendant is not.

In 1 Greenleaf on Ev. 5, 565, it is laid down, among other things, "that any alteration which causes the instrument to speak a language different in legal effect from that which it originally spoke is a material alteration." I presume this ought to be regarded as applicable to the time when the instrument speaks in asserting its demand for satisfaction. If it be the same then, as before, without having been fraudulently tampered with, it can in no sense be regarded as having been altered materially.

Again, in the succeeding section, the learned author says, "An alteration is an act done upon the instrument by which its meaning and language are changed. If what is written upon, or erased from the instrument, has no tendency to produce this result or to mislead any person, it is not an alteration." "The term at this day," he adds, "usually imports some fraud or improper design to change the effect of the instrument." There is no absolute rule of law, independent of all considerations of intention, which rules that any alteration without affecting ultimate liability, renders the instrument void. That always depends on the materiality of the change, its effect, and the design with which it is made. We see no error in the instructions of the court to the effect that the plaintiff was entitled under the evidence to recover, and afterwards in entering judgment on the verdict, and, therefore, the judgment is affirmed.

SHARSWOOD, J., dissented.