## Craighead *versus* McLoney.

1. Wherever a promissory note is altered after the execution thereof, in such manner as to impose upon the promisor any burden or peril which he would not otherwise have incurred, this is such a material alteration as will avoid the note as to him.

2. Any alteration imposing such burden or peril will be held material and will avoid the note, even though the pecuniary liability be not increased or the time of payment changed thereby, and even though the same be entirely honest and made with no fraudulent intent.

3. Where a promissory note is executed by two or more parties, any subsequent material alteration thereof without the consent of all the parties will avoid the note as against those parties who have not consented to such alteration.

4. A joint and several promissory note was executed and delivered by two co-promisors payable one day after date. Subsequently, with the consent of one of the makers, but without the knowledge or consent of the other, the payee inserted into the note the words "at eight per cent. interest." Suit being afterwards brought upon said note by the payee against the maker who had not consented to the alteration, *Held*, that the alteration was a material one and avoided the note as to the defendant.

5. Where in such case the maker who had consented to the alteration of the note had died before the bringing of the suit, *Held*, that the plaintiff was incompetent to testify as to the fact of such consent being given. *Held*, further, that such evidence was wholly immaterial as against the defendant.

November 17th 1881.   Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ.

]Craighead *v.* McLoney.]

ERROR to the Court of Common Pleas of *Washington county:* Of October and November Term 1881, No. 62.

Debt, by James McLoney against James Craighead, upon the following note under seal:

$1,080.                                        March 31st 1868.

One day after date we, or either of us, promise to pay to James McLoney, or order, $1,080, without defalcation, for value received.

Witness our hands and seals, *at eight per cent. interest.*

JOHN HAINES. [SEAL.]
JAMES CRAIGHEAD. [SEAL.]

Defendant filed a special plea, setting out, " that the said supposed writing obligatory was not his deed."

Upon the trial, before HART, P. J., after proof of the defendant's signature, a note, in form as above given, was offered in evidence. It was objected to, for the reason that it showed upon its face that it had been altered by the addition of the words "at eight per cent. interest," which were in a different handwriting from the body of the note.

This alteration, the plaintiff admitted, had been made by him after the execution and delivery of the note, without the knowledge or consent of the defendant, Craighead; but he claimed that it was made under an agreement with John Haines, the co-promisor, who, as stated in the narr., died sometime before the bringing of this suit.

For the purpose of showing the circumstances under which the alteration had been made, the plaintiff was offered as a witness in his own behalf to prove an agreement made with John Haines, deceased, by which eight per cent. interest was to be paid. He was objected to as incompetent in the action against Craighead to testify to any transaction between himself and the deceased co-promisor. This objection was overruled, and the testimony admitted.

The court, in answer to the defendant's points, charged, substantially, that the addition of the words, " at eight per cent. interest," was not a material alteration, and did not avoid the note as to defendant, unless the jury should find that the plaintiff had an actual design to defraud the defendant by inserting them. If they did not find that he had entertained such a design, the court instructed them to find for the plaintiff for the amount of the note, with interest at the rate of six per cent.

Verdict and judgment for the plaintiff for the full amount claimed. Defendant thereupon took this writ of error, assigning for error the admission of the plaintiff's evidence and the charge of the court.

[Craighead *v.* McLoney.]

*A. Donnan* (with whom was *J. W. Donnan*), for the plaintiff in error.—Whether the alteration was, or was not, material was a question of law for the court: Stephens *v.* Graham, 7 S. & R. 508; Wood *v.* Steele, 6 Wallace 82; and does not depend, in any respect, upon the intent with which it was made, for if material, whether there was design to defraud or not, however the act might be done, "in ignorance and in innocence," the policy of the law makes the instrument void without relation to the motive: Marshall *v.* Gougler, 10 S. & R. 169; Getty *v.* Shearer, 8 Harris 15; Beary *v.* Haines, 4 Wh. 20; Fay *v.* Smith, 1 Allen 477; 2 Daniel on Neg. Inst. 349; Fulmer *v.* Seitz, 18 P. F. S. 237.

The true test as to whether an alteration is, or is not, material, is, whether the written instrument speaks identically the same language after the alteration as it did before: Heffner *v.* Wenrich, 8 Casey 423; Miller *v.* Gilleland, 7 Harris 119; Gardner *v.* Walsh, 5 E. & B. 82; McVean *v.* Scott, 46 Barb. 379; Wallace *v.* Jewell, 21 Ohio St. 163; Booth *v.* Powers, 56 N. Y. 22; Simpson *v.* Stackhouse, 9 Barr 186; Hill *v.* Cooley, 10 Wr. 259; Portage County Bank *v.* Lane, 8 Ohio St. 405; Wade *v.* Withington, 1 Allen 562; Blair *v.* Bank of Tenn., 11 Humph. 84; Hewins *v.* Cargill, 67 Me. 555.

In the present case the alteration was clearly material:

1st. It changed the contract from one bearing interest from maturity to one bearing interest from date, which, by all the authorities, is held to be such a material alteration as avoids a note: Neff *v.* Horner, 13 P. F. S. 327; Fulmer *v.* Seitz, 18 P. F. S. 237; Fay *v.* Smith, 1 Allen 477; McGrath *v.* Clark, 56 N. Y. 34.

2nd. It changed the contract as to the rate of interest. This was clearly a material alteration: Draper *v.* Wood, 112 Mass. 315; Hart *v.* Clouser, 30 Ind. 210; Whitmer *v.* Frye, 10 Mo. 348; Lee *v.* Starbird, 55 Me. 491; Warrington *v.* Early, 2 Ell. & Bl. 763; Harsh *v.* Klepper, 28 Ohio St. 200.

Plaintiff was clearly an incompetent witness. Had the plaintiff brought a joint action against the administrators of Haines and James Craighead, as he might have done (Dingman *v.* Amsink, 27 P. F. S. 114), it would not admit of a doubt, but that he would have been incompetent; the spirit and letter of the law would then unite in excluding him (Brady *v.* Reed, 6 Nor. 111), or had he brought an action against Haines' administrators alone, he would have been incompetent. But a judgment in this case is evidence in any action brought by defendant against the representatives of his co-promisor for contribution: Clark *v.* Carrington, 7 Cranch 332; Drummond *v.* Preston, 12 Wheat. 516. This is substantially, therefore, an action in which the estate of Haines is a party defendant, and must be governed

[Craighead *v.* McLoney.]

by the rules which would apply were such actually the case: Barr *v.* Greenawalt, 12 P. F. S. 172 ; Hanna *v.* Wray, 27 P. F. S. 27 ; Ewing *v.* Ewing, 9 W. N. C. 491 ; Standbridge *v.* Catanach, 4 W. N. C. 176 ; Hess *v.* Gourley, 8 Norris 195.

The testimony of plaintiff was, at any rate, wholly irrelevant as against defendant : Fulmer *v.* Seitz, 18 P. F. S. 237.

*Freeman Brady, Jr.* (with whom were *Braden* and *Miller*), for the defendant in error.—The rigor of the ancient law on the subject of innocent alterations in instruments of writing no longer prevails in this state, nor yet in this country, so far as we know : Beary *v.* Haines, 4 Whar. 20 : Kountz *v.* Kennedy, 13 P. F. Smith 187.

We admit that the law is, that the voluntary alteration of a sealed note by the holder, in a material part, to the prejudice of the party who has it to pay, will avoid it.    This doctrine is sustained by such cases as Marshall *v.* Gougler, 10 S. & R. 169 ; Neff *v.* Horner, 13 P. F. Smith 327, and others of like import. On the contrary, if the alteration is immaterial and not to the prejudice of the maker, and not fraudulent, it will not avoid the instrument : Gardinier *v.* Sisk, 3 Barr 326 ; Burkholder *v.* Lapps' Executor, 7 Casey 322 ; Struthers *v.* Kendall & Son, 5 Wr. 229 ; Hocker *v.* Jamison, 2 W. & S. 438 ; Kountz *v.* Kennedy, 13 P. F. Smith 187 ; Robertson *v.* Hay, 10 Norris 242 ; Smith *v.* Croker, 5 Mass. 538 ; Bachellor *v.* Priest, 12 Pick 399–405.

The administrator of Haines was not a party to the suit. Plaintiff was therefore a competent witness.

Chief Justice SHARSWOOD delivered the opinion of the court, January 2d 1882.

There is a wilderness of cases in the books on the subject of the alterations of notes and other instruments of writing, through which it would require much time and labor, and great ingenuity, for any one to thread his way. Of course they are not all consistent and easily reconciled. Fortunately, it is not required of us to attempt this task in the present case.    Perhaps a key to this variety and want of harmony may be found in the remark of Mr. Chief Justice THOMPSON, in Kountz *v.* Kennedy, 13 P. F. Smith 190 :  "There is no subject in the books which has occupied a much larger share of attention than questions of the alteration of writings, but, after all that has been said, each case must stand much more on its own facts than upon the rules announced in any given case."   My own opinion is, that the courts have gone far enough in permitting writings to be tampered with.

It appears to be settled, however, that an alteration entirely immaterial, which places no responsibility on the parties, to

[Craighead v. McLoney.]

which they were not subject before the change, does not vitiate the instrument. Its identity remains. The difficulty has been always in determining what is or what is not material. It is evident, that any tampering with the instrument which imposes upon the party a burden or a peril, which he would not else have incurred, is an injury to him, and therefore material. It is a mistake to infer that whether the pecuniary liability is increased or the time of payment changed is the test. In these respects the party may be no worse, yet his rights and remedies on the instrument may be seriously affected. Wherever this is so, it does not matter that the alteration was entirely honest, and with no fraudulent intent. This will be often found to be the case, where the note or instrument has been executed by several parties. But it may be in other instances, as where attesting witnesses have been added to an instrument after execution: Marshall v. Gougler, 10 S. & R. 164. An alteration of the date of a promissory note by the payee, whereby the time of payment is retarded, avoids the note: Stephens v. Graham, 7 S. & R. 505. We might multiply cases of this type, where the amount of the pecuniary responsibility remained unchanged. Wherever, therefore, a note or instrument is executed by two or more parties, any alteration in it, without the consent of all, renders the recourse of the party who has not assented more difficult and expensive. In the case in hand, when Craighead, if compelled to pay the note, comes to pursue his remedy against his co-promisor, either for indemnity or contribution, as the case may warrant, it will not be enough to produce and prove the note. He must account for the alteration apparent on its face. He must show that it was made with Haines's consent. It is clear then that the alteration was material to him. So, if Craighead had been sued in some other state, he would have to show that the note was executed in Pennsylvania, and that by the law of this state only six per cent. could be recovered upon it. In short, as Mr. Parsons has briefly and well stated it in his treatise on Promissory Notes, p. 582: " Any alteration which changes the evidence or mode of proof is material."

These considerations are sufficient to dispose of this case without adverting to the fact, that by the alteration one day's additional interest was actually imposed on the defendant. It is no answer to say that this day's interest was not demanded or received, or to plead the maxim de minimis non curat lex. In Stephen v. Graham, supra, and in Kennedy v. Lancaster County Bank, 6 Harris 347, the payment of the note was retarded by the alteration of the date only a single day.

We think, therefore, that the learned court below erred in holding the alteration in this case immaterial and in so instructing the jury.

It appears to us also, that McLoney was incompetent as a witness for the purpose for which he was offered. It is true the representatives of Haines were not parties, but still it is clear that his estate would ultimately be answerable, either for the whole amount if Craighead was a surety, or for his contributory share if he was only a co-promisor. McLoney cannot be a witness to fasten this responsibility on the estate of the dead man by his testimony, either directly or indirectly. Under the view we have taken of the materiality of the alteration, however, the evidence of this witness as to the assent of Haines and the honesty of the alteration is not important.

Judgment reversed.