" It is admitted in the case stated, that the gas works and the lot of ground on which they are located are necessary to enable the defendant to carry on its business. Under the authorities referred to, and many more could be cited, these are exempt from county taxation. The house occupied by a tenant does not appear to be a necessary part of the company's works or equipment, and is therefore taxable.

" And now, May 4, 1891, it is ordered and directed that judgment be entered in favor of the plaintiff for the sum of two dollars and forty cents, ($2.40.) "

Plaintiff appealed.

*Errors assigned* were (1) failure to enter judgment for the full amount of the tax demanded; (2) holding that the lot and gas works were exempt from local taxation; (3) holding that the payment of the three mills tax on capital stock exempted the real estate and shares of stock of defendant from all other taxation.

*J. F. Minogue,* for appellant.

*James A. Rinck, Arthur L. Shay* with him, for appellee.

PER CURIAM, March 28, 1892:
Judgment affirmed.

# Miller *v.* Stark, Appellant.

*Promissory note—Material alteration—Recovery on original consideration—Surety.*

An action was brought upon a joint and several promissory note, given for the price of a horse by the purchaser and a surety. It was apparent upon inspection that the date of the note had been altered.

*Held,* (1) that if, as contended by plaintiff, the alteration was made before the note came into his hands, he was entitled to a verdict both against the maker and the surety.

(2) If the alteration was made by the plaintiff innocently after the note came into his hands, the alteration being material, there could be no recovery against the surety, but the plaintiff would be entitled to recover upon the original consideration (viz., the price of the horse) against the maker.

(3) If the alteration was made by the plaintiff, after the note came into his hands, with fraudulent intent, there could be no recovery whatever against maker or surety.

*Evidence—Promissory note—Alteration of date.*

Suit having been brought upon a promissory note, the note being offered showed on its face that the date had been altered. Plaintiff in support of the offer testified positively that the alteration was made before the note came into his hands. The court admitted the note in evidence, leaving it to the jury to determine the truth of plaintiff's allegation.

*Held*, not to be error.

Argued Feb. 16, 1892. Appeal, No. 101, July T., 1891, by defendant, W. S. Stark, from judgment of C. P. Lebanon Co., Dec. T., 1890, No. 57, on verdict for plaintiff, H. J. Miller. Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS and HEYDRICK, JJ.

Assumpsit on promissory note.

On the trial before McPHERSON, J., the evidence was to the following effect:

On May 3, 1890, the defendant bought from the plaintiff three horses. On May 5 defendant delivered to plaintiff a note at sixty days with Daniel N. Hunsicker as surety, for the purchase money, $340. Plaintiff had the note discounted. It was presented for payment sixty days after May 3 and payment refused. Suits were then brought against the maker and surety, and the cases were tried together by the same jury.

Plaintiff's counsel offered the note in evidence. It was apparent on inspection that the note had been dated May 5th, 1890, and that the figure 5 had been changed to a 3, making the date "May 3th, 1890," the stroke of the 5 still appearing. Objected to. The plaintiff being called, testified positively that the note had not been altered after it came into his hands.

"The Court. The question is not whether the note has been altered since it was written, but whether it has been altered since it came into the hands of the plaintiff, and the plaintiff's testimony being positive that it has not been so altered, the note is admitted in evidence. Exception noted for defendant." [1]

The court charged the jury among other things as follows:

"The signatures on the note are not denied, and the only objection that is made to it is an alleged alteration of the date from May 5th to May 3d. [The court has been asked by the

defendants to say to the jury as a matter of positive instruction that the note has been altered in its date.    Of course cases can be easily conceived in which the alteration of an instrument would be so apparent by a mere inspection of it that there could be no possible question, and in such a case it might be the duty of the court to say to the jury that such and such things in particular cases have been altered; but other cases might easily arise in which the alteration, although material if made, was so doubtful and so slight that it would be impossible for the court to say positively that there had been an alteration, and that it was apparent by a mere inspection of the instrument.    In such cases the question would naturally go to the jury for their decision; and this case, as I understand it, is a case of that kind, and I therefore refer to you the question whether this note has been altered, and that is the first question for your decision.] [2] . . .

" But if you find that the alteration was not a fraudulent alteration, was an innocent alteration without any intention to defraud, although the plaintiff might have been mistaken as to his right, then there might be a recovery upon the original consideration.    If the sale was made as testified to, the plaintiff would be entitled to recover before you for the price of the horses, with interest from the time this suit was brought, viz. : from some time in July.

" I will repeat the questions to you, so that the jury may be able to carry them in their minds : 1. Was the date of this note altered at all ?    If the note was not altered at all, then the plaintiff is entitled to a verdict for the full amount claimed in each of these cases.

" If, however, the jury find that the note was altered, then the question is, whether it was altered by the plaintiff after it came into his hands ; and the burden of proof is upon him to explain the alteration and satisfy the jury that it was altered before it came into his hands.    If he has failed to do so, since the alteration is material, there could be no recovery upon the note against Hunsicker, the bail, and your verdict would have to be in his favor.

" If, however, the alteration was made, and made by the plaintiff after the note came into his hands, there is still remaining the question, so far as Mr. Stark is concerned, whether

the alteration was a fraudulent one, or intended to defraud Stark. If it was, there could be no recovery at all in the case; and your verdict would have to be extended to Stark also. But if the alteration was made after it came into the plaintiff's hands, and was an innocent alteration, with no intention to defraud,—was not fraudulent at all,—then the verdict should be in favor of the plaintiff, with interest from the time that the suit was brought."

Defendant's points were, among others:

" 1. The alteration of the note in this case is apparent from an inspection of the note itself, and is material. *Answer :* The answer to that is, whether this note has been altered is for the jury. If the date has been altered, the alteration is material. [3]

" 4. If the jury believe that the note has been altered in its date from May 5th to May 3d, it becomes the duty of the plaintiff to account satisfactorily for the alteration, and he having failed to do so, cannot recover in this action on the note. *Answer :* This is affirmed if the plaintiff has failed to satisfactorily account for the alteration. [4]

" 10. Under the law and the evidence, the verdict of the jury must be for the defendant. *Answer :* Refused. [5] "

The jury found a verdict in each case in favor of the plaintiff for $353.60, and found specially as to questions in writing submitted by the court, as follows:

" (1) Was the date of this note altered from May 5th to May 3d ? *Answer :* Yes.

" (2) If it was altered, was the change made by the plaintiff after it came into his hands ? *Answer :* No."

Motions having been made for a new trial, the rule was made absolute in the case of Hunsicker and discharged in the case of Stark, and judgment entered against him. Defendant, Stark, appealed.

*Errors assigned* were, (1) the admission of the note in evidence, giving photograph of the note, plaintiff's testimony denying the alteration and the ruling of the court above quoted; (2) the portion of the charge quoted in brackets; (3–5) answers to defendant's points, as above, quoting points and answers.

*Thomas H. Capp, George B. Schock* with him, for appellant.

*Howard C. Shirk,* for appellee.

PER CURIAM, March 28, 1892:

Judgment affirmed.

## Commonwealth ex rel. *v.* Titman, Appellant.

[Marked to be reported.]

*School taxes—Warrant to collector—Certificate by school board for the balance due by collector—Act of April 11, 1862, section 13.*

Defendant, a collector of school taxes, claimed from the school board a large allowance for exoneration from school tax of parties whose names were contained in the duplicate furnished him. A part of this allowance having been granted by the board, a certificate of the balance due by the collector was filed by the board, under the provisions of the act of April 11, 1862, sec. 13, P. L. 474, and judgment entered for the amount against the collector and the sureties on his bond. It was contended that the collector and his sureties were discharged from liability because he had not been furnished with a warrant when the duplicate of the school tax was placed in his hands for collection. It was not alleged that in consequence of this omission he was in any way hampered or interfered with in the collection of the taxes, or that he suffered any loss thereby.

The court refused to open the judgment.

*Held,* (1) that no power was given to the court under the act to review the settlement made by the school board.

(2) That the absence of the warrant, which did not appear to have prejudiced defendant in any way, gave him no equity to require the court below to open judgment.

*Opening judgment—Discretion of the court—Appeal.*

The judge to whom an application for the opening of a judgment is made acts as a chancellor, and on appeal the Supreme Court will only see that his discretion has been properly exercised.

Argued Feb. 17, 1892. Appeal, No. 197, July T., 1891, by defendant, John A. Titman, from judgment of C. P. Schuylkill Co., Nov. T., 1890, No. 138, on defendant's bond in favor of plaintiff, at the relation of the borough of Shenandoah. Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS and HEYDRICK, JJ.

Judgment on school tax collector's bond.

The facts as shown by the depositions taken in the court below were as follows: