Citizens National Bank of Baltimore *v.* G. G. Williams, Appellant (No. 1).

[Marked to be reported.]

*Promissory notes—Material alteration—Indorsee* v. *Indorser—Evidence.*

One who takes a promissory note with a material alteration on its face, takes it with notice that it has been tampered with, and he is chargeable with all the consequences of such knowledge ; and he cannot recover upon it unless the alteration is affirmatively shown by him to have been innocently made without prejudice to the rights of the party sought to be charged with liability.

In an action by the indorsee of a negotiable promissory note against the indorser, the following words on the face of the note " by renewal with interest at 6 per cent " had an ink erasure drawn over them. The plaintiff's statement contained an averment that " the words erased in the above note were erased before the said note was received by the said plaintiff." The defendant in his affidavit of defense alleged " that at the time the defendant indorsed said note it did not bear interest, and the words ' by renewal with interest at six per cent,' were not upon the said note, and this defendant avers that the said words were fraudulently inserted in the said note without his knowledge or consent after the defendant had indorsed the same." *Held,* (1) that the averment in the statement being a direct assertion that the erasure was made before the plaintiff received the note, he took it with notice that it had been tampered with ; (2) that plaintiff was not entitled to recover unless he showed by explanatory testimony that the alteration was made under such circumstances that the defendant would be liable notwithstanding the alteration ; (3) that the fact that the added words were stricken out by the erasure did not help the plaintiff's case ; (4) that the affidavit of defense was sufficient to send the case to the jury : Kountz v. Kennedy, 63 Pa. 187, explained, distinguished, and criticised.

Argued Jan. 10, 1896. Appeal, No. 125, July T., 1895, by plaintiff, from order of C. P. No. 4, Phila. Co., March T., 1895, No. 720, making absolute a rule for judgment for want of a sufficient affidavit of defense. Before STERRETT, C. J., GREEN, WILLIAMS, MCCOLLUM, MITCHELL, DEAN and FELL, JJ. Reversed.

Assumpsit by the indorsee against the indorser on a promissory note.

Plaintiff's statement was as follows :

The above action is brought to recover the amount of a certain promissory note for the sum of $1,500 with interest thereon from the 15th day of March, 1895. Said note is made by Philip Williams Averitt to the order of the defendant, G. G. Williams, and by him indorsed, and also indorsed by Philip Williams Averitt, James T. Harbin, P. C. Williams and Philip Williams Averitt. The note is dated November 12, 1894, at four months, and was discounted by the plaintiff in the regular course of business for full value before maturity, and it is now the legal bona fide owner and holder thereof, and the whole of said note is still justly due and owing, together with interest thereon and costs of protest. Said note at maturity was duly presented and protested for nonpayment, and notice thereof was given the indorsers.

The following is an exact copy of the said promissory note and its indorsements as it was received and discounted by the plaintiff and on which the above action is brought:

"$1500 00/100            BALTIMORE Md Nov 12th 1894,

"Four months=~~days~~ after date I promise to pay to the order of G. G. Williams Fifteen hundred----00/100 Dollars at the Citizens Natl Bank Baltimore Md

Value received ~~by renewal~~ ~~with interest at 6%~~

No. O. C.   Due 5908.

                    "PHILIP WILLIAMS AVERITT."

Indorsed: G. G. Williams, Philip Williams Averitt, James T. Harbin, P. C. Williams, Philip Williams Averitt.

The words erased in the above note were erased before the said note was received and discounted by the said plaintiff.

The note in suit was indorsed by the defendant for the purpose of having the same discounted by the plaintiff for the renewal of a certain other note for a similar amount which was due and payable on the said 12th day of November, 1894, to the said plaintiff, said note so to be renewed being executed and indorsed by the same parties as the note upon which this suit is brought.

Plaintiff further states that the above amount, to wit, $1,500, is justly due and payable to it by the said defendant, together with interest thereon and $2.24 costs of protest.

Defendant's affidavit of defense was as follows:

That at the time the defendant indorsed said note, it did not bear interest, and the words "by renewal with interest at six per cent" were not upon the said note, and this defendant avers that the said words were fraudulently inserted in said note without his knowledge or consent after the defendant had indorsed the same and delivered the same to Philip Williams Averitt.

The note sued on, before its alteration, was indorsed by this deponent as an accommodation to the drawer, Philip Williams Averitt, and delivered to him so indorsed. Deponent received no consideration whatever for his said indorsement, or the said note.

Deponent is informed by the maker of this note and believes that at the time this note was put into the bank of plaintiff that it was agreed between the plaintiff and the indorsers, other than deponent, that certain securities held as collateral by P. C. Williams and the bank at that time should first be realized, and the proceeds applied to the payment of this and another note before any claim should be made against any of the indorsers for any remainder.

That deponent does not know the value of said collateral security, but he avers that if the same were sold and applied to the payment of the said notes, there would be little if any due by the indorsers on said note, even if it had not been so fraudulently altered as aforesaid.

All of which facts this deponent believes to be true, and expects to be able to prove the same upon the trial of the cause.

The court made absolute a rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was above order.

*A. S. L. Shields*, for appellant.—Under the ruling in Heffner v. Wenrich, 32 Pa. 423, the note would not have been admitted in evidence except in connection with evidence tending to explain the alteration or erasure.

The policy of the law is against all tampering with written instruments and especially commercial paper. He who takes a blemished note or bill takes it with all its imperfections on its head: Paine v. Edsell, 19 Pa. 178; Simpson v. Stackhouse, 9 Pa. 186; Miller v. Gilleland, 19 Pa. 119; Getty v. Shearer, 20 Pa. 12.

The law declares that an alteration by the holder of an instrument in a material part destroys it altogether: Marshall and Gougler, 10 S. & R. 164; Miller v. Master, 4 Term Rep. 323; Van Dusen v. Thomas, 10 W. N. C. 190.

*Charles Biddle*, for appellee.—The present case is ruled by Kountz v. Kennedy, 63 Pa. 187; but the facts of this case establish much higher equities in the present plaintiff than existed in favor of the plaintiff in Kountz v. Kennedy; Fulmer v. Seitz, 68 Pa. 237; Paine v. Edsell, 19 Pa. 178; Craighead v. McLoney, 99 Pa. 211.

The defendant has not been put in jeopardy; the plaintiff is a holder for value without notice of any wrong: Wharton on Law of Contracts, sec. 784; Pollock on Contracts, 201; Torrens v. Campbell, 74 Pa. 470; Kountz v. Holthouse, 85 Pa. 235; Delp v. Brewing Co., 123 Pa. 42; Blymire v. Boistle, 6 Watts, 183.

OPINION BY MR. JUSTICE GREEN, March 2, 1896:

This is an action by the indorsee of a negotiable promissory note against the indorser. The note in suit had upon its face a visible alteration. The words "by renewal with interest at 6%" had an ink erasure drawn over them. The plaintiff's statement contained an averment in the following words, "The words erased in the above note were erased before the said note was received by the said plaintiffs." This is not only an admission, but a direct assertion that the erasure was made before the plaintiff received the note. Of course under all the decisions the plaintiff took the note with notice that it had been tampered with, and with its blemishes on its face, and they were chargeable with all the consequences of such knowledge. It is equally true under all the authorities, and especially in actions upon negotiable instruments that there can be no recovery upon such an instrument unless the alteration is affirmatively shown by the holder of the instrument to have been innocently made without prejudice to the rights of the party sought to be charged with liability. The authorities are reviewed in the opinion of this Court in the case of Hartley v. Corboy, 150 Pa. 23, Gettysburg National Bank v. Chisolm, 169 Pa. 564. The affidavit of defense alleged, "That at the

time the defendant endorsed said note it did not bear interest and the words, ' by renewal with interest at six per cent,' were not upon the said note, and this defendant avers that the said words were fraudulently inserted in said note without his knowledge or consent after the defendant had endorsed the same to Philip Williams Averitt." The affidavit further averred that defendant was an accommodation indorser and had received no consideration for his indorsement. The case as it stands upon the record therefore is, that a fraudulent alteration of the note was made to the defendant's prejudice after his contract of indorsement was made and without his knowledge or consent. It is unnecessary to cite the authorities to show that upon such a state of the record there can be no recovery until the plaintiff has affirmatively shown by explanatory testimony that the alteration was made in such circumstances that the defendant would be liable notwithstanding the alteration.

It is contended however for the plaintiff that because the added words were stricken out by the erasure the note was in its original shape as it was when the defendant indorsed it, and therefore no harm was done, and that the case of Kountz v. Kennedy, 63 Pa. 187, where the indorser was held liable in somewhat similar circumstances, rules this case. But the opinion in that case which was not unanimous, was placed upon very exceptional circumstances which do not exist here, and even then the case of a fraudulent alteration was expressly excluded from its operation. Explanatory testimony was there given, and it appeared in evidence that the note bore upon its face no sign of alteration, the added words having been removed by the use of chemicals, that the note was intended to be given with interest but it had been omitted by inadvertence, and that the plaintiff had seen the maker within an hour or so after it was signed and indorsed, and the maker agreed that the words, "with interest," should be added. The alteration was thereupon made by the clerk of the maker but the added words were subsequently taken out, and the indorser's liability was the same as it was when he indorsed the note. The decision was put upon the express ground that the alteration was made with perfect innocence and in order to make the contract as it was intended to be, and was probably expunged quickly afterwards and that there was not the slightest evidence of fraud or a

fraudulent purpose in the transaction. The case of a fraudulent alteration was excepted from the decision. THOMPSON, C. J, delivering the opinion said, " Certainly as between the maker and payee the note would not be affected by what had been done if it had remained on the paper. Nor is there a shade of suspicion from the evidence that the alteration was done for any fraudulent purpose. . . . The indorser was hardly at this early moment, expected to stand as the paying party by any of the parties to the note. An intention to defraud him by making the alteration is without anything in the testimony to support it, and was not pretended in argument. . . . But the note in evidence was precisely in the form it was when indorsed. It had been returned to its original shape. The restoration was not a fraud on the indorser, for it left the note as it was when the indorsement was made. Now it seems to me, that, as the identity of the note remained and there was nothing in it to enlarge the obligation of the indorser, and as what had been done was innocently, but mistakenly done and expunged for aught we know within the hour after it had been done, there is no rule of law unreasonable enough to hold it avoided by this. I admit that if there had been evidence of a fraudulent tampering with the note a different rule would apply."

It is manifest therefore that in the present case it is impossible to apply to it the decision in Kountz v. Kennedy, because in the first place we know nothing about the circumstances of the alteration and erasure, and secondly, the affidavit of defense expressly alleges that the alteration was made fraudulently.

But the tendency of all our recent decisions is to hold parties more strictly responsible for alterations of any kind particularly in the case of negotiable instruments, and we do not think that the ruling in Kountz v. Kennedy should be extended a single step beyond its own peculiar facts.

It is proper to say that the case of Kountz v. Kennedy is not free from doubt: In Fulmer v. Seitz, 68 Pa., on page 237, AGNEW, J., said of it, " The case is a very close one, and was decided doubtingly on its own peculiar circumstances. One of our number expressly dissented and I gave my own assent with hesitation."

In Craighead v. McLoney, 99 Pa. 211, Mr. Chief Justice SHARSWOOD delivering the opinion said, " My own opinion is

that the courts have gone far enough in permitting writings to be tampered with. . . . It is evident that any tampering with the instrument which imposes upon the party a burden or a peril, which he would not else have incurred, is an injury to him, and therefore material. It is a mistake to infer that whether the pecuniary liability is increased, or the time of payment changed, is the test. In these respects the party may be no worse, yet his rights and remedies on the instrument may be seriously affected. Wherever this is so, it does not matter that the alteration was entirely honest, with no fraudulent intent. The same doctrine was held and enforced in Marshall v. Gougler, 10 S. & R. 164."

We consider that the defendant is entitled to have this case heard upon its merits before a jury, and to have his liability determined in strict compliance with all our decisions upon this subject.

Judgment reversed and procedendo awarded.

