8157

CENTRAL NATIONAL BANK OF KANSAS CITY v. EFIRD.

1. Notes—Alteration.—Where on a joint and several promissory note after execution by all the parties and delivery to the payee there is written below the name of one of the payees the words "see special agreement," and these words are afterwards erased, the erasure renders the note void in the hands of an innocent purchaser for value without notice of the erasure.

2. Ibid.—Parol evidence tending to show when, where and by whom the words were written does not come under the rule that parol evidence

is not admissible to contradict, add to, alter or vary the terms of a written instrument.

3. IBID.—IBID.—Evidence of breach of contract and failure of consideration of a note rendered void by a material alteration, or of a nonnegotiable note, is admissible in an action on the note by an innocent purchaser for value.

Before GAGE, J., Lexington, November, 1910.      Affirmed.

Action by Central National Bank of Kansas City against D. F. Efird *et al.*    Plaintiff appeals.

*Mr. J. B. Wingard,* for appellant, cites: *Parol evidence is not admissible where it varies the writing:* 61 S. C. 166; 65 S. C. 138; 72 S. C. 364; 79 S. C. 499; 80 S. C. 43; Green. on Ev., sec. 277; 104 U. S. 30; 13 S. C. 338; 46 S. C. 412; 52 S. C. 154; 77 S. C. 78; 83 S. C. 204; 85 S. C. 419. *Court should have construed the note:* 81 S. C. 229; 19 S. C. 124; 15 S. C. 10, 296; 22 S. C. 288; 24 S. C. 497; 46 S. C. 220; 59 S. C. 591; 3 S. C. 253; 6 Cyc. 419; 115 Ill. 407; 66 S. C. 22. *The words alleged to have been written on the note would not destroy its negotiability:* 108 Mich. 184; 4 Fed. 25; 109 Mass. 36; 18 S. C. 212; 25 S. C. 123; 86 S. C. 170. *Evidence as to breach of warranty and failure of consideration should not have been admitted:* 32 S. C. 538; 78 S. C. 531; 81 S. C. 541; 28 S. C. 243; 8 Cyc. 229. *Presumption of notice does not take place of proof of notice:* 28 S. C. 149; 8 S. C. 302; 23 S. C. 239; 32 S. C. 236.

*Messrs. Efird & Dreher, G. T. Graham* and *Geo. Bell Timmerman,* contra. *Mr. Efird* cites: *The interlineation after execution rendered the note nonnegotiable:* 28 S. C. 504; 69 S. C. 30; 48 S. C. 308; 1 Dan. Neg. Inst., sec. 52; 35 Am. R. 293; 27 S. W. 1071; 8 N. E. 579; 14 Pa. St. 205; 6 Wis. 206; 114 N. W. 1059. *A material alteration destroys validity of note:* 2 Ency. 193; 2 Dan. Neg. Inst., secs. 1347, 1413; 4 Pac. 1022; 105 N. W. 309; 92 U. S.

330; 37 N. E. 845; 20 Am. Dec. 518; 50 Miss. 326; 17 Mo. App. 501; 16 N. W. 819; 1 Dan. Neg. Inst., secs. 149, 154. *Parol evidence is admissible to show indorsement was on note when delivered to payee:* 99 Am. Dec. 53; 33 Pac. 470; Dan. Neg. Inst. 1417-8, 154.

*Mr. Graham* cites: *Any material alteration of a note destroys it as to parties not consenting:* 32 S. C. 239; 8 Cyc. 29

March 26, 1912.  The opinion of the Court was delivered by

MR. JUSTICE HYDRICK.  Plaintiff sued defendants on their promissory note for $1,333, dated February 6, 1907, payable to the order of McLaughlin Brothers, two years after date.  The note was given in part payment for a stallion.  Plaintiff purchased it in the regular course of business, in good faith, for full value, before maturity, and without notice of any defense, defect or infirmity.  The defenses set up were: 1. That A. R. Taylor was to sign the note, as a comaker with defendants, before it was delivered, and the payee agreed that it should not be put into circulation, until Taylor had signed it, which he never did.  2. That without the knowledge or consent of the other makers, the payee made a special and separate agreement in writing with Samuel B. George, one of the makers, that his liability should be limited to $200, while on the face of the note, the liability of all the makers appeared to be joint and several; that the existence of said agreement was evidenced by said Samuel B. George writing under his name on said note the words "see special agreement," and that this was done after the execution of the note by all the makers, including the said George; that it was a material alteration, which avoided the note; that said words "see special agreement" were afterwards fraudulently erased, which also destroyed

the validity of the note.    3. Breach of a written contract of warranty of the horse.    4. Failure of consideration.

There was evidence tending to prove each of the defenses set up.    The Court instructed the jury that the first, third and fourth defenses would not avail defendants, as the note was in the hands of a *bona fide* holder, for value, before maturity, unless they found that the evidence established the second defense; that if the words, "see special agreement," were written under the name of the defendant, Samuel B. George, that destroyed the negotiability of the note and would let in the other defenses, if the evidence established them.    But, unless they found that those words had been written under the name of the defendant, George, their verdict should be for the plaintiff.    The jury found for the defendants, which clearly established the fact that they found that the words, "see special agreement," had been written under the name of George, after the execution of the note, and it necessarily established the fact that they had been erased, for they were not there at the trial. The special agreement was excluded from evidence by his Honor.    Therefore, not knowing what it was, except in the most general way, and not being able to properly determine its legal effect, we prefer not to pass upon the question whether the words, "see special agreement," written after the name of George destroyed the negotiability of the note. Nor is the decision of that question necessary.    There can be no doubt that the erasure of those words was a material alteration of the note, which invalidated it even in the hands of an innocent holder.    *Sanders* v. *Bagwell*, 32 S. C. 238, 10 S. E. 946, 7 L. R. A. 743n; *Vaughn* v. *Fowler*, 14 S. C. 355 ; *Plyler* v. *Elliott*, 19 S. C. 257.    The general rule upon the subject is thus expressed in 2 A. & E. Enc. L., 2 ed., p. 193 : "So, where a promissory note is materially altered by the payee or transferee, not only is it vitiated and destroyed in the hands of the party responsible for the alteration, but there can be no recovery thereon against the maker, or any

endorser prior to the one who is responsible for the altera-
tion, by a person into whose hands it has come after the
change was made, even though he be a *bona fide* indorsee for
value without notice of the alteration." *Exchange Nat.
Bank* v. *Bank of Little Rock,* 58 Fed. 140, 22 L. R. A. 687,
and note; *Citizens National Bank* v. *Williams,* 174 Pa. 66,
35 L. R. A. 464, and note.

There was no error in admitting evidence as to when and
under what circumstances and by whom the words were
written under the name of defendant, George.     Appellant
is clearly in error in supposing that such evidence
violates the rule that parol evidence cannot be
admitted to contradict, add to, alter or vary the terms
of a written instrument.     If that rule were applied to pre-
vent proof of material and fraudulent alterations of instru-
ments, the most flagrant frauds and forgeries could
be successfully perpetrated.     As the alteration
destroyed not only the negotiability of the note but
the validity of it; there was, of course, no error in admitting
evidence to establish the other defenses set up.

Judgment affirmed.

*Only* MESSRS. CHIEF JUSTICE GARY *and* JUSTICE WOODS
*participate in this opinion and concur.*