## Morris Estate.

Argued March 27, 1947. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*W. F. Lane,* with him *Whitehall & Lane,* for appellant.

*Joseph J. Baer,* for appellee.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, April 14, 1947:

This is an appeal in an action in an orphans' court partition under the Orphans' Court Partition Act of June 7, 1917, P. L. 337, as amended, 20 PS 1321. The learned court below appointed the two persons in interest trustees to make public sale of the real estate

and granted each permission to bid at the sale. The sale has not yet taken place and therefore no fund has been created for distribution.

Decedent died intestate. His heirs were a son and daughter. Testimony was taken to ascertain what debts, if any, were due by the heirs to decedent, in order to determine what amounts should be charged against their respective shares. The court found that one of the parties, the son, was indebted to the estate for use and occupation of certain of the real estate occupied by him, and credit was given for payments made on account. No objection is made to this ruling. The other party in interest, the daughter, was exonerated from any charge against her share because her judgment note offered in evidence against her had been materially altered by decedent in his lifetime.

The court below was correct in ruling that the transaction between the decedent and his daughter did not constitute an advancement. An advancement is an irrevocable gift, by a parent, in his lifetime, to a child, on account of such child's share of the estate after the parent's decease: *Smith Estate,* 350 Pa. 418, 39 A. 2d 513; *Laughlin Estate,* 354 Pa. 43, 46 A. 2d 477; *Kocher Estate,* 354 Pa. 81, 46 A. 2d 488. In the present facts the transaction was a loan and not an advancement.

Decedent had loaned the daughter $2500 and took from her a judgment note for that amount. He later loaned the daughter an additional $600 and took another judgment note from her for $600. After the death it was found that decedent had altered the date of the $2500 note and changed the amount to read $4477. By a separate paper decedent stated how he had arrived at such figures. He added to the $2500 the sum of $47.50 interest; to the note for $600 he added $230.20 interest; he added $700 which he said he had loaned to the daughter and $400 for work which he had performed on her house—a total of $4477.70. By an appended memo-

randum decedent stated that he had notified his daughter of the changes. After the death the administrator entered the $600 note of record and which the daughter subsequently paid. The court ruled that because there had been a material alteration of the $2500 note no action could be brought on it and declined to charge the daughter's share with any amount.

Where a public sale has been ordered in an action in partition it is premature for the court to pass upon indebtedness due by an heir to the estate. It is possible that upon an examination of title, and search for encumbrances, no fund may be realized for distribution and hence such determination may become academic. This is a different situation from that provided for under section 39 (a) of the Orphans' Court Partition Act, supra, where a recognizance is given for payment of a bid, valuation or purchase price, and such determination becomes necessary. We must therefore remit this case, to await the audit of the account of the trustees upon a sale of the real estate.

Upon the audit of the account of the trustees consideration must be given to the question whether the decedent's alteration of the written instrument was innocently or fraudulently made, and if innocently made, whether the right to recover on the *original* consideration remains: See *Kountz v. Kennedy,* 63 Pa. 187; *Craighead v. McLoney,* 99 Pa. 211; *Miller v. Stark,* 148 Pa. 164, 23 A. 1058; *Citizens National Bank of Baltimore v. G. G. Williams,* 174 Pa. 66, 34 A. 303; American Jurisprudence, vol. 2, section 36, pp. 623, 624; C. J. S., vol. 3, section 10, p. 915, and section 12 p. 917; 155 A. L. R. p. 1223.

In the distribution of the proceeds of sale a debt due by an heir to decedent will be charged against his share: *Dickinson's Estate,* 148 Pa. 142, 23 A. 1053; *Donaldson's Estate,* 158 Pa. 292, 27 A. 959; *Dunshee v. Dunshee,* 243 Pa. 599, 90 A. 362.

The decree, as modified, is affirmed. Costs to be paid out of the fund.